1 | BENJAMIN B. WAGNER
United States Attorney
2 | E. ROBERT WRIGHT (SBN 51861)
Assistant U.S. Attorney
3 | 501 "I" Street, Suite 10-100
Sacramento, CA 95814
4 | Telephone: (916) 554-2700
Facsimile: (916) 554-2900
5 |
Attorneys for Plaintiff
6 | United States of America

7 |

8 |               IN THE UNITED STATES DISTRICT COURT

9 |            FOR THE EASTERN DISTRICT OF CALIFORNIA

10 |

11 | UNITED STATES OF AMERICA,        )   2:10-CV-01272-JAM-EFB
                                     )
12 |              Plaintiff,          )   STIPULATION FOR STAY;
                                     )              ORDER
13 |        v.                        )
                                     )
14 | APPROXIMATELY $75,750.00 IN      )
U.S. CURRENCY,                       )
15 |                                  )
APPROXIMATELY $27,910.00 IN          )
16 | U.S. CURRENCY, and               )
                                     )
17 | 2006 BRISTERS TW413 TRAIL        )
WAGON UTV, VIN:BDMUTXH1K7A09112A,    )
18 |                                  )
             Defendants.             )
19 | _____)

20 |        Plaintiff United States of America, and claimants Clifford

21 | Josef Young, Kathleen Marie Young, Francis Jayne (hereafter,

22 | "Claimants"), by and through their respective counsel, hereby

23 | stipulate that a stay is necessary in the above-entitled action,

24 | and request that the Court enter an order staying all further

25 | proceedings until the conclusion of criminal case against

26 | Clifford Josef Young ("Young") and Kathleen Marie Young (aka

27 | "Kathleen Dockstader") ("Dockstader").

28 | ///

Claimants have filed claims and answers to the defendant currencies, namely, Approximately $75,750.00 in U.S. Currency and Approximately $27,910.00 in U.S. Currency; and defendant vehicle, 2006 Bristers TW413 Trail Wagon UTV, VIN: BDMUTXH1K7A09112A (collectively, the "defendant assets").

On June 10, 2010, the Grand Jury of the Eastern District of California indicted Young and Dockstader for violations of 21 U.S.C. § 841 (a)(1) - Possession with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 846 and 841(a)(1) - Conspiracy to Manufacture Methamphetamine; 21 U.S.C. § 841(c)(1) - Possession of Ephedrine with Intent to Manufacture Methamphetamine; and 21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute Marijuana.

The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i).  The United States contends that the defendant assets constitute moneys or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 *et seq.*

The United States intends to depose Claimants regarding their claims and their involvement in and/or knowledge of drug-trafficking; the source of the funds seized; and other facts as alleged in the complaint.  Claimants will likely seek to depose law enforcement officers who have been involved in the drug-trafficking investigation that resulted in the seizure of the defendant assets, which are also the basis for the pending criminal case.  If discovery proceeds at this time, Young and Dockstader will be placed in the difficult position of either

Stipulation for Stay

1  invoking their Fifth Amendment rights against self-incrimination
2  and losing the ability to pursue their claims to the defendant
3  currencies, or waiving their Fifth Amendment rights and
4  submitting to depositions and potentially incriminating
5  themselves.  If they invoke their Fifth Amendment rights, the
6  United States will be deprived of the ability to explore the
7  factual basis for the claims they filed with this court in this
8  action.  In addition, to the extent Claimants intend to depose,
9  among others, the agents involved in the underlying
10 investigation, allowing depositions of the law enforcement
11 officers at this time would adversely affect the United States'
12 prosecution of the criminal case against Young and Dockstader.
13      The parties recognize that proceeding with this action
14 at this time has potential adverse effects on the prosecution of
15 the underlying criminal case and/or upon the ability of Claimants
16 to prove their claims to the defendant assets and to assert any
17 defenses to the forfeiture.  For these reasons, the parties
18 jointly request that this matter be stayed until the conclusion
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Stipulation for Stay

1  of the criminal case.  At that time the parties will advise the

2  court of the status of the criminal case and will advise the

3  court whether a further stay is necessary.

4  DATED:  10/19/10            BENJAMIN B. WAGNER
                              United States Attorney
5

6                             /s/ E. Robert Wright
                              E. ROBERT WRIGHT
7                             Assistant U.S. Attorney
                              Attorneys for the United States
8

9  DATED: October 19, 2010

10
                              /s/ Editte D. Lerman
11                            EDITTE D. LERMAN
                              Attorneys for Claimants
12                            Clifford Josef Young
                              Kathleen Marie Young
13                            Francis Jayne

14

15  ///

16  ///

17  ///

18

19

20

21

22

23

24

25

26

27

28

Stipulation for Stay

**ORDER**

For the reasons set forth above, this action is stayed pursuant to 18 U.S.C. § 981(g)(1), 18 U.S.C. § 981(g)(2), and 21 U.S.C. § 881(i) until the conclusion of the criminal case, at which time the parties will advise the Court whether a further stay is necessary.

**IT IS SO ORDERED.**

DATED: October 20, 2010

/s/ John A. Mendez
U. S. District Court Judge

Stipulation for Stay